**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3395-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PATRICK M. LATKO,

    Defendant-Appellant.

_____

> Submitted April 27, 2020 – Decided May 15, 2020
>
> Before Judges Fasciale and Rothstadt.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 12-05-1312.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Catlin A. Davis, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Patrick M. Latko appeals from the Law Division's February 5, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons expressed by Judge Jeffrey J. Waldman in his written decision issued with the order denying the petition.

As we observed in our earlier opinion affirming defendant's conviction and sentence, "[d]efendant was convicted of two counts of first-degree murder and sentenced to consecutive life sentences." State v. Latko, No. A-1165-13 (App. Div. Oct. 12, 2016) (slip op at 1). As we further explained, the charges against defendant arose from his fatal stabbing of a friend of "defendant's former girlfriend" and that individual's mother. Id. at 1-2.

In his direct appeal, defendant argued two points. The first challenged the trial judge's decision not to permit jurors to consider defendant's claims of third-party guilt. Id. 9-12. Specifically, he contended that "the trial judge erred in telling the jurors they were 'not going to be permitted' to consider whether other specific people may have committed the crimes with which . . . defendant was charged." Id. at 2. Defendant's second challenge was that his sentence was excessive. Ibid. As noted, we rejected defendant's contentions and affirmed. Ibid. In rejecting his appeal, we observed that "[t]he evidence of defendant's

guilt was substantial." Ibid. The Supreme Court denied defendant's petition for certification. State v. Latko, 228 N.J. 480 (2017).

In our opinion, we described in detail the facts that led to defendant's arrest and conviction and those related to his claim that there was evidence that other people committed the murders. Latko, slip op at 2-9. We need not repeat those facts here. However, as we observed in our opinion, defendant did "not argue that the facts here supported the introduction of evidence to support a defense of third-party guilt and [he] did not request a third-party guilt charge." Id. at 10.

After defendant's petition for certification was denied, in September 2017, he filed a PCR petition supported by a brief. In his brief, defendant argued that he was denied the effective assistance of trial and appellate counsel and that his claims on PCR were not barred by Rule 3:22. As to his claim of ineffective assistance of counsel (IAC), defendant specifically argued that trial counsel failed to assert objections to comments made by the prosecutor during summation and to jury charges given by the court, including the instruction that we considered in his direct appeal. Defendant also claimed that trial counsel failed to conduct adequate investigations of "witnesses and another suspect" or "other defenses." In addition, he asserted that he did not receive discovery from

trial counsel, and trial counsel failed to raise issues about his interrogation by law enforcement "before he was read his Miranda[1] rights."

Defendant also contended that trial counsel did not "challenge the chain of custody of the knife sheath" or "challenge the chain of custody of [the] knife," and did not bring to the "court's attention that several jurors saw on YouTube that [defendant] was confined" at the county jail. In addition, defendant alleged that trial counsel did not bring to the court's attention information about "inconsistent statements made by [a] State's . . . witness" and to conduct the proper investigation of the State's witness regarding the playing of the 9-1-1 call recording. He also contended that the "trial counsel failed to seek . . . recusal of the trial judge," as well as to "challenge DNA evidence" introduced against him. According to defendant, "trial counsel did not put the State's case to any meaningful adversarial test," and based on all these errors, he was entitled to a "new trial" due to "the cumulative effect of counsel's errors."

On April 25, 2018, a supplemental brief was filed on defendant's behalf. In identifying the actions or omissions that constituted IAC, defendant reiterated essentially the same contentions raised in his earlier submission. The supplemental brief also addressed the issue of the IAC of appellate counsel.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

Quoting from trial counsel's memorandum to appellate counsel, defendant identified appellate counsel's deficiencies by failing to incorporate into his appeal those items that trial counsel identified. They included: "Driver issues[2]"; the State's failure to play a recording of defendant's pre-trial statement; the trial court's failure to charge lesser-included offenses; the failure to charge defendant as a disorderly person for "[h]indering one's own apprehension"; the trial court's refusal to allow defendant to admit certain text messages; the trial court prohibiting defense counsel from questioning witnesses on the subject of "quads and quad parts"; and the trial court not insuring that a pre-trial memorandum was prepared and filed.

After the State submitted its opposition, defendant filed a reply certification. This certification addressed trial counsel's failure to communicate about plea offers with defendant before the trial. According to defendant, had he been aware of what defense counsel and the prosecutor were discussing, he "would have authorized [his] attorney to engage in plea negotiation."

On June 26, 2018, Judge Waldman considered the parties' oral arguments. After concluding the arguments and allowing time for the parties to submit additional written arguments, Judge Waldman issued his February 5, 2019 order

---

[2] State v. Driver, 38 N.J. 255 (1962).

denying defendant's petition, supported by his written decision. In his decision, Judge Waldman detailed the procedural history of the matter, including the numerous pre-trial motions filed by trial counsel. He described the underlying facts leading to defendant's conviction. The judge then identified each of defendant's claims of IAC. The judge provided a comprehensive discussion of the two-prong test for determining whether defendant established a prima facie claim of IAC under Strickland v. Washington, 466 U.S. 668, 687 (1984), as adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

Turning to defendant's contentions, Judge Waldman found that defendant "offer[ed] little to no explanation as to how these alleged errors are outside the range of reasonable professional judgment, and that the errors would have affected the ultimate outcome." The judge proceeded to address each of defendant's contentions against the facts disclosed by the record and concluded that defendant failed to meet the requirements under Strickland. He then turned to defendant's claims as to appellate counsel and conducted the same analysis, reaching the same conclusion. Judge Waldman found no merit to defendant's petition and entered the order denying relief. This appeal followed.

On appeal defendant argues the following points:

POINT I

AS [DEFENDANT] HAS ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, HE WAS ENTITLED TO [PCR], OR, AT A MINIMUM, AN EVIDENTIARY HEARING.

(1)   TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO INDEPENDENTLY INVESTIGATE PERNA AND JONES AS POSSIBLE CANDIDATES FOR THIRD-PARTY GUILT.

(2)   TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT TO THE TRIAL COURT'S DECISION NOT TO CHARGE THE JURY ON THIRD-PARTY GUILT.

POINT II

APPELLATE COUNSEL WAS INEFFECTIVE BY FAILING TO CONSIDER AND RAISE TRIAL COURT ERRORS THAT HAD BEEN IDENTIFIED BY TRIAL COUNSEL.

(1)   APPELLATE COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT ERRED WHEN IT ALLOWED INTO EVIDENCE THE 9-1-1 RECORDING AS IT WAS DISTORTED AND SUBJECT TO INTERPRETATION.

(2)   APPELLATE COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT ERRED WHEN IT DECLINED TO INSTRUCT THE JURY ON THE LESSER-INCLUDED CHARGE OF PASSION-PROVOCATION MANSLAUGHTER.

POINT III

7

AS THERE WAS A GENUINE DISPUTE OF MATERIAL FACT, AN EVIDENTIARY HEARING WAS REQUIRED.

We review de novo a PCR judge's decision to deny a petition without an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004). Applying that standard, we conclude Judge Waldman correctly denied defendant's petition for the reasons expressed in the judge's comprehensive and thoroughly written decision. We find no merit to any of defendant's contentions to the contrary and conclude, as did Judge Waldman, that defendant failed to establish that his petition met the two-prong test under Strickland. For that reason, an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3395-18T4